IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ESTEBAN ROSALES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No.  25 CV 14940 |
| | ) | |
| v. | ) | |
| | ) | Hon. Jeffrey I. Cummings |
| SAM OLSON, et al., | ) | |
| | ) | |
| Respondents.[1] | ) | |

**ORDER**

The Court has reviewed Petitioner's petition for writ of habeas corpus, (Dckt. #1), and the Respondents' response to the petition, (Dckt. #7)—to which Respondents attach a brief from a prior case in this District (in which their position did not prevail)—and finds that no further briefing on the petition is required.

For the reasons set forth in detail in this Court's Opinion in *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787 (N.D.Ill. Oct. 24, 2025), Petitioner's detention without an individualized custody determination violates the Immigration and Nationality Act ("INA"), and the Court thus grants the petition for writ of habeas corpus, (Dckt. #1).  Specifically, the Court finds that: (1) the Court has jurisdiction over the petition, *see id*. at **2–3; (2) the ripeness doctrine does not bar adjudication of the petition, *see id.* at **3–4; (3) Petitioner is detained under Section 1226(a) of the INA rather than Section 1225(b)(2), *see id*. at **4–9; and (4) Petitioner is not required to exhaust his administrative remedies because doing so would be futile, *see id*. at *9; *see also Castanon-Nava v. U.S. Dep't of Homeland Sec.*, --- F.4th ----, No. 25-3050, 2025 WL 3552514, at *9 (7th Cir. Dec. 11, 2025) ("[G]iven the factual record before us, we conclude that Defendants are not likely to succeed on the merits of their argument that those individuals, whom ICE arrested in Chicago without a warrant, are subject to mandatory detention under §1225(b)(2)(A).").

In light of these findings, the Court need not separately address whether Petitioner's detention without a bond hearing violates his due process rights or whether his arrest was made in violation of the consent decree in *Castanon-Nava v. DHS*, No. 18 C 3757 (N.D.Ill.).  *See Valencia v. Noem*, No. 25-CV-12829, 2025 WL 3042520, at *4 (N.D.Ill. Oct. 31, 2025) ("The Court declines to consider whether Petitioner is entitled to relief under the *Castañon Nava*

---

[1] Petitioner alleges that he was detained at Broadview, Illinois at the time of filing and Respondents have not represented otherwise.  Accordingly, "the Court may properly hear the petition regardless of" any subsequent transfer of Petitioner to another jurisdiction.  *Flores v. Olson*, No. 25 C 12916, 2025 WL 3063540, at *1 (N.D.Ill. Nov. 3, 2025).

agreement and notes that there is a process by which individuals can seek to join the *Castañon Nava* class.").[2]

Within five days of this order, Respondents must either: (1) provide Petitioner with a bond hearing before an Immigration Judge, at which the Government shall bear the burden of justifying—by clear and convincing evidence of dangerousness or flight risk—Petitioner's continued detention; or (2) release Petitioner from custody under reasonable conditions of supervision. The parties shall file a joint status report by 12/30/25 that updates the court on Petitioner's release status, including whether and when a bond hearing was held, and informs the court, in detail, the reasons for the Immigration Judge's decision. The 12/19/25 tracking status hearing is stricken and reset to 1/5/26 at 8:30 a.m. (to track the case only, no appearance is required).

**Date: December 16, 2025**

**Jeffrey I. Cummings**
**United States District Court Judge**

---

[2] *See also*, Referral Form: Castanon Nava Settlement Violations, available at https://immigrantjustice.org/referral-form-castanon-nava-settlement-violations-formulario-de-remision-sobre-violaciones-del-acuerdo-castanon-nava/ (last visited Dec. 16, 2025).